FILED

2015 May-08  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAREN SAVAGE,              }
                        }
     Plaintiff,       }
                        }    CIVIL ACTION NO.
v.                    }    2:14-CV-2468-WMA
                        }
SECURE FIRST CREDIT UNION,   }
                        }
     Defendant.      }

## MEMORANDUM OPINION

The complaint (Doc. 1) filed by plaintiff, Karen Savage ("Savage"), against her former employer, defendant Secure First Credit Union ("Secure First") contains five counts. Count One alleges racial discrimination under Title VII and 42 U.S.C. § 1981. (Doc. 1 at 6-7). Count Two charges retaliation under Title VII and § 1981. (Doc. 1 at 9-10). Count Three claims discrimination under the Age Discrimination in Employment Act ("ADEA"). (Doc. 1 at 11-12). Count Four alleges discrimination under the Americans with Disabilities Act ("ADA") and the ADA Amendments Act ("ADAAA"). (Doc. 1 at 12-13). Count Five alleged a violation of the Family Medical Leave Act ("FMLA") (Doc. 1 at 14-15), but on March 24, 2015, upon Savage's motion, the court dismissed Count Five with prejudice (Doc. 14), leaving Counts One, Two, Three, and Four.

Now before the court is Secure First's motion to dismiss Counts Two, Three, and Four. (Doc. 13). Secure First does not seek dismissal of Count One, which states a plain vanilla claim of race

discrimination and therefore only requires that race be a "motivating factor." Secure First argues that Savage cannot proceed on her ADEA claim, her retaliation claim, or her ADA claim without alleging that one of the said claims is the "but-for" cause of the adverse employment action she complains of.

As it has pondered the concept of causation, "the law has long considered [it] a hybrid concept, consisting of two constituent parts: actual cause and legal cause." *Burrage v. United States*, 134 S. Ct. 881, 887 (2014) (citing H. Hart & A. Honore, CAUSATION IN THE LAW 104 (1959)). To arrive at the actual cause, the "'but-for' requirement is part of the common understanding." *Burrage*, 134 S. Ct. at 888. This consistent and common understanding of "but-for" causation "requires proof that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct." *Burrage,* 134 S. Ct. at 887-888 (quoting *Univ. Of Texas Sw. Med. Ctr. v. Nassar,* 133 S. Ct. 2517, 2525 (2013), and RESTATEMENT OF TORTS § 431, Comment *a* (1934)). To illustrate:

> Consider a baseball game in which the visiting team's leadoff batter hits a home run in the top of the first inning. If the visiting team goes on to win by a score of 1 to 0, every person competent in the English language and familiar with the American pastime would agree that the victory resulted from the home run. This is so because it is natural to say that one event is the outcome or consequence of another when the former would not have occurred but for the latter. It is beside the point that the victory also resulted from a host of other necessary causes, such as skillful pitching, the coach's decision to put the leadoff batter in the lineup, and the league's decision to schedule the game. By contrast, it makes little sense to say that an event resulted from or was the outcome of some earlier action if the action merely played a

> nonessential contributing role in producing the event. If the visiting team wound up winning 5 to 2 rather than 1 to 0, one would be surprised to read in the sports page that the victory resulted from the leadoff batter's early, non-dispositive home run.

*Burrage,* 134 S. Ct. at 888.[1]

Consistent interpretation "is one of the traditional background principles against which Congress legislates." *Burrage,* 134 S. Ct. at 881. Therefore, "[w]here there is no textual or contextual indication to the contrary, courts regularly read phrases like 'results from'[,] ['because of', and 'because'] to require but-for causality." *Id.* at 888. Specifically, "interpretation of statutes that prohibit adverse employment action 'because of' an employee's age or complaints about unlawful workplace discrimination is instructive." *Id.* In particular, the ADEA prohibits employers from discriminating **"because of** such individual's age," 29 U.S.C. § 623; Title VII prohibits employers from retaliating **"because** [an employee] has made a charge . . . under this subchapter," 42 U.S.C. § 2000e-3(a); and the ADA prohibits employers from discriminating "against a qualified individual with a disability **because of** the disability," 42 U.S.C. § 12112(a) (emphasis added). Consistent interpretation of the virtually identical causation language in these discrimination

---

[1] The Supreme Court's reasoning rejects the approach used by some courts interpreting "but-for" causation to merely be a necessary cause. See e.g., *Freeman v. Koch Foods of Alabama*, 2010 WL 9461668, at *2 (M.D. Ala. June 15, 2010) (Fuller, J.).

statutes ensures that the proscribed discriminatory act is the "strict but-for" cause[2] of a plaintiff's injury. *Burrage,* 134 S. Ct. at 890. The *Burrage* interpretation of "but-for" causation balances the need to provide a cognizable remedy for discrimination while ensuring that "[federal courts] do not sit as a super-personnel department . . . to second-guess the wisdom of an employer's business decisions . . . [n]o matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (Title VII retaliation); *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (ADEA) and *Turner v. United Parcel Serv.*, 2014 WL 4458917, at *7 (N.D. Ala. Sept. 10, 2014) (ADA).

## I.   ADEA

As stated above, under the ADEA "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). Adopting the "but-for" cause requirement, instead of the "mixed motive"

---

[2] The Supreme Court has pointed to its interpretation of "but-for" causation in the employment discrimination context for guidance in other areas of law, including the criminal context. *Burrage*, 134 S. Ct. at 890. When interpreting a penalty enhancement under the Controlled Substances Act, the Supreme Court rejected the Government's permissive interpretation where "use of a drug distributed by the defendant need not be a but-for cause of death, nor even independently sufficient to cause death, so long as it contributes to an aggregate force (such as mixed-drug intoxication)." *Id.* at 890-91.

possibility, squares with "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age[, which] is that age was the 'reason' that the employer decided to act." *Gross*, 557 U.S. at 176. "Because an ADEA plaintiff must establish 'but for' causality, no 'same decision' affirmative defense can exist: the employer either acted 'because of' the plaintiff's age or it did not." *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010). "The only logical inference to be drawn from *Gross* is that an employee cannot claim that age is a motive for the employer's adverse conduct and simultaneously claim that there was any other proscribed motive involved." *Culver v. Birmingham Bd. of Educ.*, 646 F. Supp. 2d 1270, 1271-72 (N.D. Ala. 2009). Therefore, "a plaintiff must make it perfectly clear in her pleading that there are no proscribed motivations other than [the one alleged]." *Montgomery v. Bd. of Trustees of the Univ. of Alabama*, 2015 WL 1893471, at *5 (N.D. Ala. Apr. 27, 2015).

Savage fails to allege that her age was the "but-for" cause of her mistreatment, and instead simply alleges that Secure First subjected her to "adverse treatment with respect to the terms and conditions of her employment, including . . . demotion and constructive discharge, because of her age." (Doc. 1 at 11-12). Despite recieving strong hints from the court, Savage includes three "other bas[e]s for the adverse action." *Gwin v. BFI Waste Servs., LLC*, 718 F. Supp. 2d 1326, 1327 (N.D. Ala. 2010). She

alleges in Count One that Secure First took its action with the fact that plaintiff is over 40 years of age as a "substantial or motivating factor"(Doc. 1 at 7); in Count Two she alleges that she "engag[ed] in a protected activity" against which Secure First retaliated in violation of Title VII (Doc. 1 at 9); and in Count Four she alleges that "her disability" was a cause of her mistreatment(Doc. 1 at 11). By failing to allege that her age provided the only motive for the complained of employment action, Savage fails to state a claim under the ADEA upon which relief can be granted, thereby requiring dismissal.

## II.  Title VII Retaliation

Borrowing logically from the analysis in *Gross* of the ADEA's "because of" language, "[t]he text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Nassar*, 133 S. Ct. at 2534.[3] Unlike Title VII's proscription against race discrimination, which requires showing "only that a prohibited factor contributed to the employment decision——not that it was the but-for or sole cause," a claim of retaliation under

---

[3] While Savage tries to make something out of the use of the article "a" instead of the article "the" (Doc. 16 at 8), the Supreme Court used these articles interchangeably and drew no distinction between them. See e.g., *Nassar*, 133 S. Ct. at 2528 ("Title VII retaliation claims require proof that the desire to retaliate was **the** but-for cause of the challenged employment action")(emphasis added).

Title VII "must be proved according to traditional principles of but-for causation . . . [thereby] requir[ing] proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* at 2533, 2538; see *Burrage*, 134 S. Ct. at 892. If a plaintiff wants to pursue a retaliation claim she must in her complaint "indicate that retaliation was the 'only,' or 'but-for' motive for her termination [and] must make it perfectly clear in her pleading that there are no proscribed motivations other than an intent to retaliate." *Montgomery,* at *5. In other words, there can, in theory and in logic, be only one "but-for" cause. The days of bushel-basket, mixed motivation are over if a plaintiff wants to claim retaliation or age or disability discrimination.

In order to state a claim for retaliation after *Nassar* Savage must unequivocally allege that retaliation was the "but-for" cause of the adverse treatment. While failing to allege retaliation as the "but-for" causation, Savage expressly claims other motivations. Counts One, Two, Three, and Four flatly contradict any "but-for" cause for her adverse treatment. (Doc. 1 at 12-13). By failing to allege retaliation as the sole cause for her adverse treatment, Savage fails to state a claim under the retaliation provision of Title VII, thereby requiring dismissal.

**III. ADA**

Before the *Gross* and *Nassar* decisions, the Eleventh Circuit

7

held that "the 'because of' component of the ADA liability standard imposes no more restrictive standard than the ordinary, everyday meaning of the words would be understood to imply . . . convey[ing] the idea of a factor that made a difference in the outcome . . . a 'but-for' liability standard." *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1077 (11th Cir. 1996). While recognizing that the ADA's statutory text requires "but-for" causation, the Court in *McNely* found that "but-for" causation was "*not* to mean 'solely because of' . . . [but rather] liability whenever the prohibited motivation makes the difference in the employer's decision." *Id.* at 1076. However, in light of the Supreme Court's *Gross*, *Nassar*, and *Burrage* decisions rejecting the mixed-motive possibilities, under statutes that employ virtually the same language, "reliance on *McNely* for this point is of dubious merit." *July v. Bd. of Water & Sewer Comm'rs of City of Mobile* 2012 WL 5966637, at *12 (S.D. Ala. Nov. 29, 2012) (Steele, J.); *Parsons v. First Quality Retail Servs.*, LLC, 2012 WL 174829, at *8 (M.D. Ga. Jan. 20, 2012) (Royal, J.) ("whether a mixed motive theory is cognizable under the ADA is still an open question in this circuit . . . [and] [w]hile the Eleventh Circuit has not addressed the issue, several circuits have expanded the reasoning of *Gross* to the ADA because it contains very similar language"). When in 2012 Judge Royal of the Middle District of Georgia said that the question is open in the Eleventh Circuit, he did not have available to him what the Supreme Court said 2

8

years later in *Burrage*, which eliminated any lingering doubt about whether the reasoning in *Gross* and *Nassar* applies to the ADA. The props under *McNely* have been removed, so that the Eleventh Circuit cannot rely on *McNely*. The governing jurisprudential principle is expressed as recently as April 30, 2015 by Chief Judge Carnes in *Santiago-Lugo v. Warden*, – F.3d –, 2015 WL 1936707, at *3 (11th Cir. Apr. 30, 2015), in which the Eleventh Circuit recognizes that a prior precedent is only binding **"unless and until it is overruled or undermined to the point of abrogation by the Supreme Court . . ."** (quoting *United States v. Lopez*, 562 F.3d 1309, 1312 (11th Cir. 2009). Like the ADEA in *Gross*, "the ADA renders employers liable for employment decisions made 'because of' a person's disability, and *Gross* construes 'because of' to require a showing of but-for causation. . . [therefore] a plaintiff complaining of discriminatory discharge under the ADA must show that his or her employer would not have fired him **but for** his actual or perceived disability." *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 962 (7th Cir. 2010) (emphasis added); see also *Bolmer v. Oliveira*, 594 F.3d 134 (2d Cir.2010).

Given the ADA's "but-for" requirement, mirroring *Gross* and *Nassar*, in order to state a claim of disability discrimination Savage must specifically allege that her disability was the "but-for" cause of her adverse treatment. Not only does Savage fail to allege "but-for" causation, but affirmatively alleges that Secure

First mistreated her for other proscribed reasons. Savage has not stated an ADA claim upon which relief can be granted, thereby requiring dismissal.

**CONCLUSION**

While Savage argues she is permitted to plead alternative and inconsistent theories of recovery (Doc. 16 at 9), there is a recognized distinction between the pleading of alternative theories of liability and irreconcilable contradictions and concessions as to an essential element of a particular claim. See *Selby v. Goodman Mfg. Co., LP*, 2014 WL 2740317, at \*6 (N.D. Ala. June 17, 2014) (Proctor, J.) and *Selman v. CitiMortgage, Inc.*, 2013 WL 838193, at \*13 n.19 (S.D. Ala. Mar. 5, 2013) (Steele, J.) (both cases distinguishing between pleading in the alternative and conceding the existence of a contract while simultaneously and inconsistently making an unjust enrichment claim).

For the reasons elaborated, Secure First's motion will be granted unless by May 15, 2015 Savage amends her complaint to eliminate all claims except her ADEA claim, **or** to eliminate all claims except her ADA claim, **or** to eliminate all claims except her retaliation claim, **and** to allege that "but-for" her age, **or** "but-for" her disability, **or** "but-for" defendant's retaliatory motive, there would have been no adverse employment action. In other words, unless Savage chooses to pursue only one of the claims contained in Counts Two, Three, and Four, as the "but-for" cause and dismisses

Count One, defendant's motion will be granted and Savage will be allowed to proceed only under Count One.

The court will by separate order conditionally grant defendant's partial motion to dismiss Counts Two, Three, and Four. Defendant's request for attorney's fees will be ruled upon after plaintiff makes her election.

DONE this 8th day of May, 2015.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE